UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS ARACELY LEMUS LOPEZ,<br>A-249-082-724,<br><br>                    Petitioner,<br><br>          v.<br><br>WARDEN CALIFORNIA CITY<br>DETENTION FACILITY, et al.,<br><br>                    Respondents. | No. 1:26-cv-2773-DC-DMC (HC)<br><br><br>ORDER ADOPTING FINDINGS AND<br>RECOMMENDATIONS<br><br>(ECF Nos. 17, 18, 20) |

Petitioner, an immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On June 15, 2026, the Magistrate Judge filed findings and recommendations herein which were served on the parties, and which contained notice that the parties may file objections within the time specified therein. See ECF No. 18. Timely objections to the findings and recommendations have been filed. See ECF No. 19. In their objections, Respondents merely state, "[f]or the reasons set forth in Respondent's June 1, 2026 briefing, ECF No. 15, Respondent objects to the Findings and Recommendations." See id. However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the

1

government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. See Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); Altin v. Chestnut, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations filed June 15, 2026 (ECF No. 18), are ADOPTED;

2. Petitioner Doris Aracely Lemus Lopez's (A-249-082-724) petition for a writ of habeas corpus (ECF No. 1) is GRANTED as her detention violates due process;

3. Respondents are ORDERED to IMMEDIATELY RELEASE Petitioner from Respondents' custody upon the same conditions as her prior release, with her belongings;

4. Respondents SHALL NOT impose any additional restriction on Petitioner upon her release, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

5. Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven (7) day notice and a hearing before a neutral fact-finder where Respondents show: (a) there are material changed

2

circumstances which demonstrate that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present;

6. Petitioner's requests for ruling (ECF Nos. 17, 18) are DENIED AS MOOT;

7. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

8. The Clerk of the Court is directed to serve California City Detention Facility with a copy of this order; and

9. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close the case.

IT IS SO ORDERED.

Dated:    **June 25, 2026**    _____

Dena Coggins
United States District Judge

3